UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JEFF SIMPSON, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | )   No. 3:05-0274 |
| | )   Judge Trauger/Brown |
| METROPOLITAN GOVERNMENT OF | ) |
| DAVIDSON COUNTY, TENNESSEE, | ) |
| et al., | ) |
| | ) |
|     Defendants | ) |

TO: The Honorable Aleta A. Trauger, District Judge

**REPORT AND RECOMMENDATION**

    Presently pending before the Court is a motion for Summary Judgment (Docket Entry 80) filed by the Defendant, Metropolitan Government of Davidson County, Tennessee, Plaintiff's Motion to Deny Summary Judgment (Docket Entry 88), his Response in Opposition to Summary Judgment (Docket Entry 89), and Defendant's Reply (Docket Entry 99) to the Plaintiff's Response in Opposition.

    These pleadings were referred to the Magistrate Judge for a Report and Recommendation "under 28 U.S.C. § 636(b)(1) and Rule 72, Fed. R. Civ. P." (Docket Entry 84)[1] The undersigned has conducted a review of the pleadings and the record in this case and finds that the Defendant's Motion for Summary Judgment has merit. Accordingly, it is respectfully recommended that the Motion for Summary Judgment should be granted and that this action be dismissed.

---

[1] This case was originally referred to Magistrate Judge E. Clifton Knowles for consideration. However, by an order (Docket Entry 92) entered November 15, 2007, it was transferred to the docket of the undersigned.

## I. Background

The Plaintiff, proceeding *pro se*, is a resident of Kirksville, Missouri.[2] He brought this action pursuant to 42 U.S.C. § 1983 against the Metropolitan Government of Nashville and Davidson County (Metro); Daron Hall, Sheriff of Davidson County; and "certain unknown Deputies" of the Davidson County Sheriff's Department, seeking damages.[3]

On April 9, 2004, Plaintiff was arrested and taken to the Davidson County Criminal Justice Center in Nashville. He was held there overnight before being released the following morning (Docket Entry 88, p. 7). While there, it is alleged that the Defendant violated the Plaintiff's Constitutional rights. More specifically, the Plaintiff complains that he was placed in an unsanitary cell where he was assaulted by another inmate and contracted a staph infection.

## II. Summary Judgment

Rule 56(c), Federal Rules of Civil Procedure, provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions

---

[2] When this action was filed, the Plaintiff was represented by counsel. Counsel have twice since withdrawn and the Plaintiff is now proceeding *pro se*. *See* Docket Entries 25 and 76.

[3] These were the defendants named in the original complaint (Docket Entry 1). By an order (Docket Entry 9) entered May 31, 2005, all claims against Sheriff Hall were dismissed. An amended complaint (Docket Entry 16) was then filed naming only Metro and the John Doe deputies as defendants. The Plaintiff has not yet identified and served the John Doe deputies. Thus, for all practical purposes, the sole remaining defendant in this action is Metro.

2

on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In order to prevail on a motion for summary judgment, the moving party must demonstrate that no genuine issue of material fact exists and that judgment as a matter of law should be granted in the moving party's favor. *Smith v. Hudson*, 600 F.3d 60, 63 (6th Cir. 1979).

In considering a motion for summary judgment, the Court must view all the facts and inferences to be drawn therefrom in the light most favorable to the nonmoving party. *SEC v. Blavin*, 760 F.2d 706 (6th Cir. 1985). The nonmoving party, however, may not merely rest on conclusory allegations contained in the complaint, but must respond with affirmative evidence supporting its claims and establishing the existence of a genuine issue of material fact. *Celotex Corporation v. Catrett*, 477 U.S. 317, 324 (1986).

Not every factual dispute between the parties, though, will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the litigation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the nonmoving party. *Id*. At 477 U.S. 248. The disputed issue does not have to be resolved conclusively in favor of the nonmoving party, but that party is required to present some significant

3

probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-289 (1968).

### III. Discussion of the Claims

In order to establish a claims for § 1983 relief, the Plaintiff is required to plead and prove that a person or persons, while acting under color of state law, deprived him of some right or privilege secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981).

The Eighth Amendment imposes an affirmative duty on jailors to "provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care, and must take reasonable measures to guarantee the safety of the inmate." *Hudson v. Palmer*, 468 U.S. 517, 526-527 (1984).[4]

The Plaintiff alleges that Metro failed to provide a clean cell for his confinement and, as a result, he was exposed to a staph infection. He further claims that employees of the Criminal Justice Center, with complete disregard for his safety, placed another inmate in the cell who assaulted him (Docket Entry 16).

---

[4] Pretrial detainees are protected from mistreatment by the Due Process Clause of the Fourteenth Amendment while convicted felons fall within the purview of the Eighth Amendment's prohibition of cruel and unusual punishment. *City of Revere v. Massachusetts General Hospital*, 463 U.S. 239 (1983). Regardless of whether the Plaintiff is characterized as a pretrial detainee or a convicted felon during his stay at the Davidson County Criminal Justice Center, the Constitutional standard applicable to conditions of his confinement is the same. *Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir. 2001).

4

### A. Municipal Liability

The Plaintiff brought suit against Metro because it is the governmental entity responsible for the operation of the Davidson County Criminal Justice Center. For a governmental entity such as metro to be held liable under 42 U.S.C. § 1983, however, the Plaintiff bears the burden of alleging and proving that his Constitutional rights were violated pursuant to a "policy statement, ordinance, regulation or decision officially adopted and promulgated" by Metro. *Monell v. Department of Social Services*, 436 U.S. 658, 689-690 (1978).

No such allegation appears in the Plaintiff's amended complaint (Docket Entry 16). In fact, his pleadings are filled with references to jail policies designed to insure sanitary conditions and his safety that were either ignored or violated by individuals who are not parties to this action. For example, the Plaintiff asserts that the John Doe deputies "in a conspiratial fashion . . . intentionally committing yet more infractions and violations of many stated and mandated DCSO Policies . . ."[5] Docket Entry 88, p. 10. He also notes that the John Doe deputies "violated dozens upon dozens of DCSO SOP's while I was wrongfully incarcerated on 4/9/04 - 4/10/04" (Docket Entry 89, p. 9). To further press his point, the Plaintiff included with his Memorandum in Opposition to the Motion for Summary Judgment (Docket Entry 89), a list of the policies and procedures ignored or violated during

---

[5] "DCSO" is an anagram for the Davidson County Sheriff's Office.

5

his brief stay at the Davidson County Criminal Justice Center (Docket Entry 89-2, Ex. E, p. 7).

In short, it is clear from the Plaintiff's pleadings that he was not harmed by a policy statement, ordinance, regulation or procedure promulgated by Metro. To the contrary, the Plaintiff was allegedly injured because unidentified individuals either failed or refused to follow those procedures put in place to insure that his rights would be preserved. Therefore, the Plaintiff has failed to state a viable § 1983 cause of action against Metro.

In the two and one-half years this case has been open, the Plaintiff has not amended his complaint to name the unnamed deputies, nor has he sought additional time under Federal Rules of Civil Procedure 4(m) to serve them. He only recently, long after discovery closed, sought to secure the name of a nurse (Docket Entry 102). Even that late action did not seek the identity of the deputies. When Judge Trauger allowed Plaintiff's counsel to withdraw (Docket Entry 76), on July 20, 2007, she warned Plaintiff that he must comply with the scheduling order (Docket Entry 71). That order clearly stated the deadline for fact discovery and medical proof was August 1, 2007.

**B. State Law Negligence Claims**

Besides asserting claims arising under § 1983, the Plaintiff has alleged that the Defendant was negligent for exposing him to unsanitary living conditions and for failing to protect him from other violent inmates. Negligence, however, is not a

6

Constitutional tort. *Daniels v. Williams*, 106 S. Ct. 662, 666 (1986). Thus, Plaintiff's negligence claims survive solely as pendent state law issues.

Jurisdiction for this action is based upon a federal question. As discussed above, the claims which constitute the basis for federal question jurisdiction have no merit. When claims giving the Court its original jurisdiction have been dismissed, the Court may decline to exercise supplemental jurisdiction over any pendent state law issues. 28 U.S.C. § 1367(c)(3); *Arbaugh v. Y & H Corporation*, 126 S. Ct. 1235, 1244-45 (2006). Finding no compelling reason for the Court to exercise supplemental jurisdiction in this case, the Plaintiff's negligence claims should be dismissed without prejudice.

If the Court determines that it would be appropriate to exercise supplemental jurisdiction over the Plaintiff's negligence claims, said claims would nevertheless be subject to dismissal. Under Tennessee law, a Plaintiff alleging negligence must prove (1) a duty of care owed by the Defendant to the Plaintiff; (2) that the Defendant engaged in conduct falling below the applicable standard of care, amount to a breach of the duty owed; (3) that the Plaintiff suffered an injury or loss; (4) causation in fact; and (5) proximate or legal cause. *Allstate Insurance Co. v. United States of America*, 973 F.Supp. 759 762 (M.D. Tenn. 1997). Each element must be present to establish a claim of negligence. *Bradhsaw v. Daniel*, 854 S.W. 2d 865, 869 (Tenn. 1993).

7

The Defendant concedes that it had a duty to the Plaintiff to provide him with sanitary living conditions and a safe environment (Docket Entry 81, p. 6). The Plaintiff, however, has offered nothing to show that he was harmed by the Defendant Metro's actions. The record contains nothing, other than the Plaintiff's unsubstantiated opinion, that would lead a reasonable juror to believe that the Plaintiff contracted a staph infection during his thirteen hour stay in the jail. The Plaintiff alleges that he was assaulted because of the intentional misconduct of three unnamed guards rather than anything that Metro did or failed to do. The Plaintiff has acknowledged that Metro has policies and procedures in place to prevent him from being harmed. As a consequence, the Plaintiff has failed to state a claim against the named Defendant for negligence. Plaintiff has failed to name or serve the guards whom he alleges deliberately assaulted him.

### RECOMMENDATION

For the reasons stated above, the Defendant's Motion for Summary Judgment (Docket Entry 80) has merit. Accordingly, the undersigned respectfully recommends that the Motion for Summary Judge be granted and that this action be dismissed. The dismissal of those claims against Metro should be with prejudice, while any claims against unnamed Defendants would be without prejudice.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten days of receipt of this notice and must state with particularity the specific portions of

the Report and Recommendation to which objection is made. Failure to file written objections within the specified period of time may be deemed a waiver of the right to appeal the District court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L.E.2d 435 (1985); *United States v. Walter*, 638 F.2d 947 (6th Cir. 1981).

It is so **ORDERED**.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge